JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-cv-02052-JVS (ADSx) | Date | April 28, 2023 |
| Title | Blue Wing Airlines Finance v. Unical Aviation, Inc. et al. | | |

Present: The Honorable   **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **[IN CHAMBERS] <u>Order Regarding Dismissal of Action</u>**

   This Court dismissed all remaining claims brought by Plaintiff Blue Wing Airlines Finance ("Blue Wing") on March 8, 2023, but allowed Blue Wing to amend its Complaint within twenty-one days ("the Order"). (Dkt. No. 24.) Blue Wing has failed to do so.

   Accordingly, the Court **DISMISSES** this action with prejudice pursuant to Rule 12(b)(6).

### I. Background

   Blue Wing initially asserted six causes of action against two defendants, Unical Aviation, Inc. and Platinum Equity. (Compl., Dkt. No. 1.) It then dismissed Platinum from suit on March 3, 2023, (Dkt. No. 21), and then abandoned all but one cause of action, (Opp'n 5, Dkt. No. 20.) The Court dismissed the remaining cause of action, a common count, but allowed Blue Wing leave to amend the Complaint within twenty-one days of March 8, 2023. (Order, Dkt. No. 24.)

   The Court also ordered Blue Wing to submit in writing by April 21, 2023, why the action should not be dismissed for lack of prosecution and set the scheduling conference hearing for May 1, 2023. (Order to Show Cause, Dkt. No. 23.) Blue Wing has not responded to the Court's Order to Show Cause.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-cv-02052-JVS (ADSx) | Date | April 28, 2023 |
| Title | Blue Wing Airlines Finance v. Unical Aviation, Inc. et al. | | |

### I. Discussion

Dismissal of a plaintiff's complaint under Fed. R. Civ. P 12(b)(6) is proper where the plaintiff does "nothing" following a district court's order dismissing the claims but granting plaintiff leave to amend. Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884, 892 (9th Cir. 2019); Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004). Dismissal under Fed. R. Civ. P. 41(b) is proper only where the district court required the plaintiff file an amended complaint following a Rule 12(b)(6) dismissal. Applied Underwriters, 913 F.3d at 891–82.

It has now been more than twenty-one days since the Court's Rule 12(b)(6) Order dismissing the only remaining claim in the action. Blue Wing has not amended its Complaint or provided the Court with a notice of intent not to file an amended complaint. Indeed, it has "simply failed to take any action" since this Court's Order. Edwards, 356 F.3d at 1065.

### IV. Conclusion

Accordeingly, the Court **DISMISSES** this action with prejudice under Rule 12(b)(6). The Court VACATES the Scheduling Conference hearing set for May 1, 2023. The Court finds that oral argument would not be helpful in this matter. Fed R. Civ. P. 78; L.R. 7-15.

**IT IS SO ORDERED.**